THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. SAMUEL LEONARD SOMMER, Respondent.— Appeal from an order of the County Court, Suffolk County, dated April 21, 1969, which, after a hearing, granted defendant's motion to suppress certain admissions made by him. Order reversed, on the law and the facts, and motion denied. After defendant was indicted for murder, the People served notice that they intended to offer into evidence, at the trial of the action, proof of admissions made by defendant. Defendant moved for a *Huntley* hearing and the motion was granted. At the hearing defendant contended that the investigating detectives had beaten and threatened him. He claimed he had been punched in the mouth and stomach, hit over the head and under the rib cage with telephone directories, and kicked in the testicles and groin, and that his fingers had been stamped on. Four detectives testified and denied that defendant had been beaten in any way. The jail physician testified that upon his examination of defendant he found an ecchymotic area of three inches in diameter in the pit of defendant's stomach. Defendant had also complained to him of tenderness at the back of his head. The hearing court found defendant's testimony incredible, particularly in view of the doctor's findings and the testimony of the detectives. However, it concluded that, as a matter of law, the admissions had to be suppressed because the People failed to explain the discolored area on defendant's stomach. The hearing court relied on *People* v. *Cerullo* (18 N Y 2d 839); *People* v. *Valletutti* (297 N. Y. 226) and *People* v. *Barbato* (254 N. Y. 170). As we read those cases, the People are required to come forward and explain the existence of injuries on a defendant only in cases where the injuries are objectively verifiable and where they are consistent with the defendant's claim of police brutality (see *People* v. *Cerullo, supra*). Both Barbato and Valetutti claimed they had been severely beaten by the police, and the medical testimony indicated that both had sustained severe injuries. On such a state of facts, the Court of Appeals held the statements inadmissible. Cerullo and Moccio testified they had been the victims of police brutality. The medical testimony, however, indicated that while there may have been some objective injury most of the claimed injuries were subjective. The Court of Appeals held the statements to be voluntary. In the case at bar defendant's testimony indicated a severe beating. However, the only objectively verifiable injury was the black-and-blue

mark on his stomach. That injury is not entirely consistent with defendant's testimony and is consistent with the possibility of a self-inflicted injury. Accordingly, the facts of this case do not require the People to come forward and explain the injury. Christ, P. J., Martuscello, Brennan and Benjamin, JJ., concur. (Beldock, P. J., deceased.)