■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GARCIA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered September 9, 1980, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence. ¶ Judgment affirmed. ¶ On July 20, 1979, the owner of a liquor store on Fifth Avenue in Brooklyn was shot to death in his store with a .25 caliber weapon. During the investigation that followed, a detective interviewed Frank Gonzales, an individual who was then incarcerated for the robbery of another

liquor store in the same area. Gonzales told the detective that he and the defendant had committed the robbery for which he was currently incarcerated as well as other liquor store robberies in that area, that defendant had a .25 caliber pistol, and that defendant had most likely committed holdups with a boy named Rene. On August 7, 1979, the detective spoke to Rene Valentine who told him that on July 13, 1979, he and the defendant committed a liquor store robbery on Fifth Avenue. Valentine also told the detective that about two weeks before the interview he had met the defendant and a boy named Padro on the street and that defendant told him that they had robbed and shot a liquor store owner on Fifth Avenue. The date of that meeting with the defendant is quite close to the date of the crime at issue here. Four detectives then went to defendant's home and were accompanied to defendant's bedroom by his father. The 16-year-old defendant was awakened by the detectives who read him his *Miranda* rights. Defendant admitted his participation in the crime and gave the police one live and two spent shells from his .25 caliber pistol. Defendant's motion to suppress his statement and the physical evidence was denied. ¶ The first issue is whether the interrogation was custodial — whether it was conducted in such a manner that would lead a reasonable man to believe that his freedom had been deprived in a significant way (*Matter of Kwok T.*, 43 NY2d 213). Under the circumstances, including the youth of the defendant, the fact that he was awakened from his sleep to find four police officers in his bedroom, and the entire police-dominated atmosphere of interrogation by four officers, our inescapable conclusion is that the interrogation was custodial (see *People v Ward,* 95 AD2d 351; *People v Baldi,* 96 AD2d 212). ¶ The admissibility of defendant's statement and the physical evidence thus depends on whether the People demonstrated that there was probable cause for the custodial detention (see *Dunaway v New York,* 442 US 200). Since the officers relied upon information provided by two informants, it is necessary that there be a showing of the informants' reliability and basis of knowledge (*People v Landy,* 59 NY2d 369; *People v Elwell,* 50 NY2d 231). The admission by the informants that they had participated in crimes with the defendant constituted declarations against penal interest and suffices to clear the first hurdle of reliability (see *United States v Harris,* 403 US 573; *People v Wright,* 37 NY2d 88; *People v Hanlon,* 36 NY2d 549) because admissions of crimes carry their own indicia of reliability, at least sufficient to support a finding of probable cause (*United States v Harris, supra*). Reliability is also strengthened by the corroborative verification by the police of the type of weapon used in the crime (*People v Hanlon, supra,* p 558). Finally, the informants disclosed the manner in which they acquired their knowledge, and as far as the July 20 robbery was concerned, Valentine stated that the source of the information was the defendant himself. These circumstances satisfy the basis of knowledge test (see *People v Restrepo,* 87 AD2d 320; 1 LaFave, Search and Seizure, § 3.3). We therefore conclude that the arrest was based upon probable cause and suppression was properly denied. Mollen, P. J., Titone, Lazer and Mangano, JJ., concur.