■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMY NELSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered May 24, 1983, convicting him of murder in the second degree, attempted murder in the second degree, robbery in the first degree (three counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Chetta, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress a confession he allegedly made to police officers.

Ordered that the judgment is affirmed.

The defendant's arrest was properly predicated on probable cause. Although the informant was not a "disinterested public-spirited citizen", her reliability could still be established *(see, People v Rodriguez,* 52 NY2d 483, 489), since her information constituted an admission against her own penal interest *(see, People v Comforto,* 62 NY2d 725). In contrast to *People v Johnson* (66 NY2d 398), the informant admitted to being in possession of a .25 caliber automatic pistol, which she lent to the defendant knowing it would be used to "make some money"; this makes out a case against her of criminal possession of a weapon in the fourth degree *(see,* Penal Law § 265.01), and certainly constitutes evidence of criminal facilitation in the fourth degree *(see,* Penal Law § 5.00). Moreover, the information was to some degree corroborated by information already known to the police about the crime *(see, People v Rodriguez, supra).*

As the informant's statement was based upon personal knowledge, the basis-of-knowledge prong of the *Aguilar-Spinelli* test is satisfied *(see, People v Johnson,* 66 NY2d 398, 403, *supra).*

Nor did the hearing court err in concluding that the defendant's confession should not be suppressed as involuntary. "[T]he People are required to come forward and explain the existence of injuries on a defendant only in cases where the injuries are objectively verifiable and where they are consis-

tent with the defendant's claim of police brutality" *(People v Sommer,* 34 AD2d 817). Here, the medical evidence submitted did not bear out the defendant's claim.

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Weinstein, Lawrence and Kooper, JJ., concur.