■ In the Matter of CHAD L., Respondent.—In a juvenile

delinquency proceeding pursuant to Family Court Act article 3, the petitioner appeals from an order of the Family Court, Kings County (Demarest, J.), dated April 25, 1986, which, after a hearing, granted the respondent's motion to suppress two statements made by him to the police.

Ordered that the order is affirmed, without costs or disbursements.

In the instant juvenile delinquency proceeding, the respondent, a 10-year-old boy, was charged in a juvenile delinquency petition, *inter alia,* with engaging in sexual intercourse with a four-year-old girl, for whom he was baby-sitting, and subsequently causing her death by striking her about the body. The respondent moved to suppress two statements that he gave to the police. The first statement was given to the police during questioning which occurred in the bedroom of his aunt's apartment, in which he resided, on the evening of October 1, 1985. The second statement was given to the police on October 2, 1985, while the police were questioning the respondent at the station house in the presence of his aunt.

The Family Court suppressed both statements. The first statement was suppressed on the ground that the interrogation was custodial in nature, and the police had concededly failed to advise the respondent of his *Miranda* rights. The second statement was suppressed by the Family Court, *inter alia,* on the ground that, although *Miranda* rights were read to the respondent, he did not understand them, and therefore did not knowingly and intelligently waive them.

We agree with the Family Court's determination.

The initial questioning of the respondent took place at about 11:00 P.M. on October 1, 1985, in the very bedroom where the deceased was discovered. The respondent was the last person known to have been with the deceased before she died. The door to the bedroom was three quarters closed. Two detectives were in the bedroom during the questioning of the respondent while several other police officers were in other areas of the apartment. The respondent was never advised that he could leave the room if he wished to do so. Under the circumstances, we conclude that the Family Court properly held that the initial interrogation was custodial, since a reasonable 10 year old, innocent of any crime, would have believed that his freedom had been infringed upon in a significant way *(People v Garcia,* 103 AD2d 753, 754; *Matter of Kwok T.,* 43 NY2d 213, 219; *People v Rodney P.,* 21 NY2d 1, 5-6).

With respect to the second statement given by the respondent to the police, the evidence adduced at the suppression hearing, including the unimpeached testimony of an expert in clinical psychology, supports the Family Court's determination that the respondent, whose intelligence quotient was borderline retarded, did not make a knowing and intelligent waiver of his rights which were read perfunctorily to him from a standard police card *(Fare v Michael C.,* 442 US 707, *reh denied* 444 US 887; *People v Williams,* 62 NY2d 285; *Matter of Julian B.,* 125 AD2d 666). As was stated in *Matter of Julian B. (supra,* at 671): "Rather, the age, intellectual capacity, time of day and manner of questioning are all factors to be taken into account in determining if a statement is voluntary under the totality of the circumstances. We do point out, however, that an evaluation of these various factors may occasionally require an extra effort to assure that the rights are explained in language comprehensible to the minor suspect".

Finally, we have examined the respondent's remaining arguments raised in support of the Family Court's determination, and find them to be without merit *(see,* Family Ct Act § 305.2 [3]; *People v Susan H.,* 124 Misc 2d 341). Mangano, J. P., Brown, Eiber and Harwood, JJ., concur. *[See,* 131 Misc 2d 965.]