■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN LEE WILLS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered December 16, 1983, convicting him of murder in the second degree (two counts), burglary in the first degree, assault in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant's sole contention on appeal is that his arrest was not justified by probable cause; he asserts that the informants whose hearsay statements constituted the basis for his arrest were not established to be reliable. We disagree. Probable cause may be supplied by hearsay information as long as it is shown that the informant is reliable and has demonstrated a basis for his knowledge *(see, People v Johnson,* 66 NY2d 398, 402-403), and a finding of reliability may be based upon corroboration of the informant's statement with information independently gleaned in the course of a police investigation *(see, People v Johnson, supra; People v Elwell,* 50 NY2d 231, 237).

It was called to this court's attention by the People at oral argument that the factual basis propounded in their brief that the informant was reliable was in error: they informed the court that the informant's knowledge may have been from published accounts of the crime rather than from the defendant's confession. However, we conclude that the informant's statement to the police was shown to be reliable when subsequent police investigative work led to another informant who similarly told the police that the defendant had confessed to committing the crime along with two other individuals.

Since the basis of the informant's knowledge was established, in that his reported information was derived directly from the defendant *(see, People v Nelson,* 125 AD2d 339, *lv denied* 69 NY2d 831; *People v Garcia,* 103 AD2d 753, 754, *cert denied* 469 US 1075), his information supplied the police with probable cause to arrest the defendant. Bracken, J. P., Kunzeman, Eiber and Balletta, JJ., concur.