■ In the Matter of VALERIE J., a Person Alleged to be a Juvenile Delinquent, Respondent.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the petitioner appeals from an order of the Family Court, Nassau County (Mosca, J.), entered February 23, 1988, which, after a hearing, granted the respondent's motion to suppress statements made by her to law enforcement officials.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the respondent's motion to suppress is denied, and the matter is remitted to the Family Court, Nassau County, for a fact-finding hearing.

The respondent was charged in a juvenile delinquency petition, *inter alia*, with causing the death of her infant daughter. The respondent moved to suppress oral and written

statements she gave to detectives after she had taken a polygraph examination.

The Family Court suppressed the respondent's initial oral statements, concluding, in relevant part, that they were in response to custodial interrogation outside the presence of her parents during a period of time when the right to have her parents present was not waived. The court further found that the respondent's repetition of those statements, both orally and in writing, must also be suppressed due to the taint resulting from the illegality under which the initial statements had been obtained.

We disagree with the determination of the Family Court.

On the day after the infant's death the respondent and her parents accompanied detectives to the morgue to identify the body and then to police headquarters for questioning. At headquarters the respondent and her parents were advised of her *Miranda* rights, and the respondent was asked if she would take a polygraph test.

Prior to the examination, the respondent and her father signed a consent form allowing the police to administer the test in the absence of an attorney and/or her parents. After the test was concluded the detective reviewed its results and then informed the respondent that he did not believe she was telling the entire truth as to what had happened to the infant. The respondent then provided details about various instances when she had struck or dropped the baby. The respondent later repeated these statements to other detectives and signed a written statement in the presence of her parents detailing what she had previously said. Prior to signing the statement the respondent, in the presence of her parents, was readvised of her *Miranda* rights. Her father also signed the statement. We further note that the respondent was told she could leave at various times and the consent card for the polygraph test so indicated. Further, she was permitted to leave after the interrogation was concluded and was not charged with a crime for approximately five months thereafter.

We conclude that under the circumstances the questioning of the respondent was noncustodial since a reasonable 15 year old, innocent of any crime, would not have believed that her freedom had been infringed in any way *(Matter of Kwok T.,* 43 NY2d 213, 219; *People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851).

We further conclude that the absence of the respondent's parents at the time she made the initial statements to the

detectives did not render them inadmissible. The respondent had knowingly and intelligently waived her *Miranda* rights in the presence of her parents. Thereafter, during the entire period she was in the polygraph examination area, at least one of her parents was available to her if she had requested their presence. Under these circumstances and considering the noncustodial nature of the questioning, we hold that the statements in issue were not illegally obtained *(cf., Matter of Chad L.,* 131 AD2d 760; *People v Hall,* 125 AD2d 698; *Matter of Julian B.,* 125 AD2d 666; *Matter of Brian P. T.,* 58 AD2d 868). Thompson, J. P., Kunzeman, Spatt and Balletta, JJ., concur.