■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JASON. FOWLER, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Hanophy, J.), dated March 9, 1988, which granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

We disagree with the hearing court's determination that the

search warrant in this case was deficient because the reliability of the hearsay informant was not established. A finding of reliability may be based upon corroboration of the informant's statement with information obtained independently during the course of a police investigation *(see, People v Johnson,* 66 NY2d 398, 403; *People v Rodriguez,* 52 NY2d 483, 489; *People v Elwell,* 50 NY2d 231, 237). In the instant case, the record indicates that the police corroborated a significant portion of the information furnished by the informant.

Specifically, the informant told the police that he had observed several pieces of electronic equipment in the defendant's apartment, which equipment he recognized as belonging to his employer. After receiving this information, the police verified that the employer had filed a complaint of the burglary and confirmed that the informant worked for the employer at the time the property was stolen. They also corroborated the informant's description of the property by reviewing the list of stolen property on the police report. Finally, the police contacted the telephone company to corroborate the information they received from the informant about the location and the owner of the defendant's apartment. Thus, there was a sufficient independent verification and separate objective checking of the informant's account to establish his reliability *(see, People v Alaimo,* 34 NY2d 187, 189; *People v Wills,* 138 AD2d 651, 652; *People v Crayon,* 139 AD2d 840, 842). Thompson, J. P., Lawrence, Rubin and Balletta, JJ., concur.