◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JARROD DANIELS, Also Known as DANIEL JARROD, Appellant.— Appeal by the defendant from two judgments of the Supreme Court, Queens County (Friedmann, J.), both rendered June 14, 1989, convicting him of criminal possession of a controlled substance in the third degree, under Indictment No. N12638/88, upon a jury verdict, and criminal sale of a controlled substance in the third degree under Indictment No. N10172/

89, upon his plea of guilty, and imposing sentences. The appeal from the judgment of conviction under Indictment No. N12638/88 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgments are affirmed.

The defendant contends that there was no probable cause for his arrest, which formed the basis for the charge under Indictment No. N12638/88, and that, therefore, the drugs seized during a search following his arrest should have been suppressed. We disagree. While sitting in an unmarked police vehicle in an area well known for drug trafficking, two undercover police officers observed a transaction between the defendant and two other men during which the defendant was given money in exchange for an unknown item. However, as the two men walked away from the defendant, the officers engaged them in conversation during which one of the purchasers, unaware that he was speaking to police officers, displayed two vials, which appeared to contain crack-cocaine, and indicated that the vials had been purchased from the defendant. The defendant was thereafter arrested, and during a subsequent search 24 vials which appeared to contain crack-cocaine were recovered.

Where, as here, probable cause is based, in part, on hearsay information, it must be demonstrated under the *Aguilar-Spinelli* test *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410) that (1) the informant is reliable, and (2) the informant had a sufficient basis for his knowledge *(see, People v Johnson,* 66 NY2d 398, 402). In this case, the statements by the purchaser were based on his personal knowledge, thereby satisfying the basis of knowledge requirement *(see, People v Johnson, supra,* at 403; *People v Burks,* 134 AD2d 604, 605), and the purchaser's statements were sufficiently corroborated by the undercover officers' observations, thereby satisfying the reliability requirement *(see, People v Comforto,* 62 NY2d 725, 727; *People v Rodriguez,* 52 NY2d 483, 489; *People v Elwell,* 50 NY2d 231, 237; *People v Nelson,* 125 AD2d 339). Thus, the People presented sufficient evidence to support a finding of probable cause to arrest the defendant.

We also reject the defendant's claim that he was deprived of a fair trial by the admission of the testimony of the undercover officers that when the officers asked, in effect, whether anyone had any drugs, the purchasers pointed to the defendant. In light of the overwhelming proof of guilt, we deem any

error in the admission of the challenged testimony to be harmless *(see, People v Crimmins,* 36 NY2d 230, 241-242; *cf., People v Sallitto,* 125 AD2d 345, 346).

Finally, we find that the sentence imposed under Indictment No. N12638/88 was not excessive. Kunzeman, J. P., Kooper, Lawrence and O'Brien, JJ., concur.