■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE ELIE, JR., Appellant. [636 NYS2d 244] —Judgment unanimously affirmed. Memorandum: We conclude that defendant's conviction of manslaughter in the first degree and criminal possession of a weapon in the fourth degree is not against the weight of the evidence. We further conclude that Supreme Court properly denied defendant's suppression motion because the police had probable cause for defendant's warrantless arrest. The testimony at the suppression hearing establishes that, at approximately 6:45 P.M. on December 8, 1992, police officers discovered the victim of a shooting lying on the sidewalk outside 471 Sweet Street. Information concerning the shooting was dispatched over the police radio. A few hours later, a fellow officer received a call from an informant who had previously provided him with reliable information that led to numerous arrests and convictions. The informant told the officer that he was told by an individual who was using his house as a "hideout" that he had been involved in a shooting earlier that evening on Sweet Street, that he had hidden the gun and needed to move it and that he had to leave town for Rochester. The officer, who had been advised of the shooting on Sweet Street, proceeded with other officers to the informant's house and arrested defendant. The information received from the police bulletin, in conjunction with that received from the reliable informant, provided the police with probable cause to arrest defendant (see, People v Willis, 138 AD2d 651, 652, lv denied 72 NY2d 868; People v Garcia, 103 AD2d 753, 754, cert denied 469 US 1075).

We have reviewed the remaining contention of defendant and conclude that it is without merit. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Manslaughter, 1st Degree.) Present—Pine, J. P., Lawton, Wesley, Callahan and Davis, JJ.