■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNN ANDERSON, Appellant. — Judgment, Supreme Court, Bronx County (Salman, J.), rendered March 21, 1983, convicting defendant of burglary in the first degree and robbery in the second degree and sentencing her to concurrent indeterminate terms of imprisonment of from 4 to 12 and 3 to 9 years, respectively, unanimously modified, on the law, to reverse the conviction of burglary in the first degree and dismiss said count, to vacate the sentence on the conviction of robbery in the second degree and remand for resentence on said count and, except as thus modified, affirmed.

According to the trial evidence defendant and her common-law husband, codefendant Dennis Bryant, gained admittance to Mrs. Bull's apartment to discuss some unfinished jobs that had

to be done in the apartment. Eventually, brandishing two knives, defendants gagged and bound Mrs. Bull, and stole her money and jewelry. At their first trial both defendants were acquitted of robbery in the first degree. The jury deadlocked on the other submitted count, robbery in the second degree. A mistrial was declared. Apparently, the presiding Justice at the first trial had decided not to submit the burglary in the first degree and weapons possession counts "in order to avoid placing an unduly heavy burden on the jury in its consideration of the case." At the second trial, defendant, over objection, was retried and convicted on the counts of burglary in the first degree and robbery in the second degree. We reverse, vacate the burglary conviction, dismiss the count charging same, vacate the sentence on the robbery conviction, and remand for resentence.

CPL 310.70 (2) permits retrial of a defendant, after a partial verdict, upon an offense which was submitted to the jury but on which the jury was unable to agree. Since the burglary in the first degree count was not submitted, retrial on that offense may not be sanctioned under that section. The absence of any other provision in the CPL sanctioning the retrial of a nonsubmitted offense after a partial verdict has been rendered leads us to conclude that the Legislature did not intend to permit retrial of nonsubmitted offenses after partial verdict. Had it wished to permit retrial of such offenses the Legislature could easily have made specific provision. For instance, we note in this regard that CPL 280.20 provides for retrial of dismissed counts after a mistrial pursuant to CPL 280.10 has been declared. (Reinstatement of such counts is, of course, barred by the double jeopardy clause if the dismissal was based on insufficiency of evidence [*People v Mayo*, 48 NY2d 245].) Nor is there any indication that the Legislature logically intended to authorize retrial by implication. The care with which the drafters of the CPL have addressed the various situations that may arise during the course of a trial, and the fact that in CPL 280.20 a somewhat analogous situation has been remedied, all support the conclusion that retrial of the withheld count of burglary in the first degree is not statutorily authorized.

Since we do not find any impairment to defendant's retrial on the count of robbery in the second degree, her conviction of that offense stands. Inasmuch as it is not clear, however, that her sentence on that conviction was not influenced by her conviction of an offense for which she should not have been retried, we remand for resentence. Concur — Sandler, J. P., Sullivan, Carro and Rosenberger, JJ.