■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK HAMILTON, Appellant.—Appeal by defendant from a judgment of the County Court, Orange County (Mishkin, J.), rendered April 30, 1984, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed. This case is remitted to the County Court, Orange County, for further proceedings pursuant to CPL 460.50 (5).

The trial court did not abuse its discretion in refusing to allow the jury to view the subject premises. Defendant argued that a view of the premises was necessary so that the jury could determine whether the police officers were positioned in such a location as to be able to observe whether it was defendant who had met with the informant. Here, as in *People v McCurdy* (86 AD2d 493), a visit to the premises would have been of questionable value since it would have been virtually impossible to reconstruct the exact angles of vision from where the officers were viewing defendant's home. In any event, the question of whether a clear view was possible was not a "material factual issue" (CPL 270.50 [1]) in light of the fact that certain tape recordings were the strongest evidence of defendant's guilt.

We have considered defendant's other contentions and find them to be without merit. Gibbons, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.