■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CASSIDY, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County (Leggett, J.), rendered November 12, 1981, convicting him of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, unlawful imprisonment in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The court did not err in denying defendant's request to allow the jury to view the defendant's car. The defendant could not satisfy the threshold prerequisite that such a viewing would be helpful in the determination of a "material factual issue" (CPL 270.50 [1]; *People v McCurdy,* 86 AD2d 493). Therefore, no abuse of discretion occurred.

Proof of the commission of crimes which indicates a voluntary willingness or disposition of a defendant to place the advancement of his own self-interest above the mores or interests of society may be relevant to suggest his readiness to do so again on the witness stand *(People v Sandoval,* 34 NY2d 371). Under the circumstances of this case, the court did not commit reversible error in its *Sandoval* ruling *(People v Bennette,* 56 NY2d 142).

Since defendant failed to object to the People's use of a document during cross-examination to refresh his recollection, the issue has not been preserved for appellate review *(see, People v Jenkins,* 47 NY2d 722; *People v Tutt,* 38 NY2d 1011; *People v Smith,* 108 AD2d 763). In any event, there is no merit to defendant's contention that the People made use of extrinsic evidence to support a collateral matter where, as here, the document in question was used solely to refresh defendant's recollection during cross-examination. Further, it is well settled that the nature and extent of cross-examination is subject to the sound discretion of the Trial Judge *(see, People v Schwartzman,* 24 NY2d 241). No abuse of discretion occurred in the instant case. Gibbons, J. P., Bracken, Kunzeman and Kooper, JJ., concur.