■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS BRYANT, Appellant.—Judgment, Supreme Court, Bronx County (Barry Salman, J.), entered March 21, 1983, convicting defendant, after a jury trial, of the crimes of burglary in the first degree (Penal Law § 140.30) and robbery in the second degree (Penal Law § 160.10 [1]), and sentencing him, as a second felony offender, to concurrent indeterminate terms of imprisonment of from 7 to 14 years and 5 to 10 years, respectively, is unanimously modified, on the law and as a matter of discretion in the interest of justice, to the extent of reversing the conviction of burglary in the first degree and dismissing that count, and, except as thus modified, affirmed.

The trial evidence, in pertinent part, indicates that during the summer of 1981, the defendant, from time to time, performed odd jobs in the apartment of Mrs. Loretta Bull (Mrs. Bull), which was located on the second floor of 880 Boynton Avenue in Bronx County. On the evening of October 4, 1981, defendant and codefendant Lynn Anderson (Ms. Anderson), who was defendant's common-law wife, rang the bell of Mrs. Bull's apartment and, since she knew them, Mrs. Bull opened the door and allowed them to enter. Soon after gaining access to the apartment, defendant and Ms. Anderson allegedly brandished two knives, bound and gagged Mrs. Bull, and stole money and jewelry from this victim.

Subsequently, defendant and codefendant Ms. Anderson were arrested and indicted. At the first trial, the only two counts submitted to the jury for their consideration were the crimes of robbery in the first degree (Penal Law § 160.15) and robbery in the second degree. This first jury acquitted the defendant and codefendant Ms. Anderson of the count of robbery in the first degree, but, when they were unable to reach a verdict concerning the count of robbery in the second degree, the trial court declared a mistrial.

Thereafter, over the objections of defendant and codefendant Ms. Anderson, they were re-tried. At the second trial, the counts of robbery in the second degree and of burglary in the first degree were submitted to the jury, and that jury convicted them of both counts.

Following their conviction defendant and codefendant appealed.

In the earlier appeal of codefendant Ms. Anderson *(People v Anderson,* 111 AD2d 124 [1st Dept 1985]), we unanimously held that the trial court erred in submitting the burglary count to the second jury, and we reversed her conviction on that count. We stated in *People v Anderson (supra,* at p 125), in pertinent part, that: "CPL 310.70 (2) permits retrial of a defendant, after a partial verdict, upon an offense which was submitted to the jury but on which the jury was unable to agree. Since the burglary in the first degree count was not submitted, retrial on that offense may not be sanctioned under that section". Accordingly, based upon our holding in *People v Anderson (supra),* we reverse this defendant's conviction on the burglary count, and dismiss it.

While codefendant Ms. Anderson raised the issue of her sentence for the crime of robbery in the second degree on appeal, the instant defendant does not raise that issue, so it is not before us, and, therefore, we do not address it.

We have examined the other points raised by the defendant, and find them to be without merit. Concur—Kupferman, J. P., Sullivan, Ross, Fein and Ellerin, JJ.