■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMMIE STIGGER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Delaney, J.), rendered March 27, 1985, convicting him of robbery in the first degree, robbery in the second degree and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although the evidence adduced at trial clearly established that the prosecution witness Terrence Malloy was an accomplice under CPL 60.22 (2), the defendant did not request an accomplice charge, and since it is apparent that the case against the defendant did not rest substantially on Malloy's testimony, the trial court was not under a duty to give such a charge *(see, People v Ramos,* 68 AD2d 748, 753-754).

The court's charge adequately related the concept of an alibi defense to the People's burden of proving the identity of the perpetrator beyond a reasonable doubt. The court's failure to specifically charge that the People bore the burden of disproving the defendant's alibi beyond a reasonable doubt has not been preserved for this court's review *(People v Hoke,* 62 NY2d 1022), and under the circumstances of this case we decline to reach it in the interests of justice *(see, People v Aschheim,* 119 AD2d 757, *lv denied* 68 NY2d 912; *People v Shaw,* 112 AD2d 958).

The evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that the defendant was provided meaningful representation *(see, People v Baldi,* 54 NY2d 137). Thus, the defendant

was not denied his constitutional right to the effective assistance of counsel.

The defendant's remaining contentions are either unpreserved for this court's review or without merit. Mangano, J. P., Niehoff, Weinstein and Kunzeman, JJ., concur.