■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALGIE ROBINSON, Also Known as ALGEE ROBINSON, Appellant. —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Meehan, J.), rendered July 9, 1985, convicting him of criminal possession of a controlled substance in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

On September 7, 1984, at 9:15 P.M., Police Officer Robinson stationed himself on the rooftop of a four-story apartment building for the purpose of conducting surveillance in an area known to the police for its high incidence of drug sale activity. From this vantage point the officer observed the defendant and his accomplice through binoculars under good lighting conditions as they engaged in several narcotics transactions involving the exchange of glassine envelopes for currency over a 15- to 20-minute time period.

The personal observations of the trained and experienced police officer including the exchange of glassine envelopes, the "hallmark" of a drug transaction, were sufficient to establish the existence of probable cause for the defendant's arrest (see, People v McRay, 51 NY2d 594; see also, People v Balas, 104 AD2d 1039, 1040-1041).

Upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The evidence adduced at trial and properly credited by the trial court showed that the defendant possessed cocaine with the intent to sell. The testimony of the police officer was neither incredible nor patently tailored to avoid constitutional objections.

In addition, where there has been a judgment of conviction based on legally sufficient trial evidence, the propriety of the trial court's denial of the defendant's motion to dismiss the indictment on the ground of insufficiency of the Grand Jury evidence is not reviewable (see, CPL 210.30 [6]; People v Miller, 121 AD2d 477, lv denied 68 NY2d 815).

Under the circumstances, the trial court properly exercised its discretion pursuant to CPL 270.50 in refusing to view the crime scene. The court was able to determine whether the police officer was in a position to observe the activities of the defendant by analyzing the aerial photographs and by crediting the officer's testimony. It would have been virtually impos-

sible to reconstruct the exact angles of vision, the foliage on the trees, or the lighting conditions under which the officer observed four drug transactions through binoculars in various locations on the street below *(see, People v Hamilton,* 112 AD2d 951).

Finally, the defendant was not deprived of his constitutional right to effective representation of counsel. A review of the totality of the evidence, the law, and the circumstances of this case as of the time of the representation, reveals that the defendant was provided with meaningful representation *(see, People v Baldi,* 54 NY2d 137; *People v Stigger,* 130 AD2d 603). Defense counsel made various pretrial motions, effectively cross-examined the prosecution witnesses, raised numerous objections, delivered cogent opening and closing statements, and made appropriate posttrial motions. As a retrospective contention, a claim of ineffective assistance of counsel requires proof of true ineffectiveness rather than mere disagreement with failed strategies and tactics *(People v Benn,* 68 NY2d 941, 942; *People v Miekeljohn,* 131 AD2d 512). Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.