■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY R. WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hellenbrand, J.), rendered April 19, 1984, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and the indictment is dismissed, without prejudice to the People to re-present only the charge of assault in the first degree or any appropriate lesser included offenses to another Grand Jury *(see, People v Beslanovics,* 57 NY2d 726). Upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the Supreme Court, Kings County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance, or fixing bail, or committing him to the custody of the New York City Department of Correctional Services pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof *(cf.,* CPL 210.45 [9]).

Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the Supreme Court, Kings County, to a designated subsequent date if such be necessary to accord the People reasonable opportunity to resubmit the case to a Grand Jury.

By Kings County indictment number 4172/82, the defendant was charged with attempted murder in the first degree, aggravated assault upon a police officer, assault in the second degree, criminal possession of a weapon in the second degree, and two counts of criminal use of a firearm in the first degree. At his first trial, the defendant was acquitted of attempted murder in the first degree, the lesser included offense of attempted murder in the second degree, and assault in the second degree. The jury could not reach a verdict on the aggravated assault upon a police officer charge, and a mistrial was declared. The counts of criminal possession of a weapon in the second degree and criminal use of a firearm in the first degree were not submitted to the first jury, and it is unclear from the record before this court why these counts were not submitted, the decision not to submit these counts apparently being made in an off-the-record precharge conference. At the instant trial, the charges of aggravated assault upon a police officer and lesser included offenses, as well as the charge of criminal possession of a weapon in the second degree, were submitted to the jury, and the defendant was acquitted of aggravated assault upon a police officer, but convicted of the lesser included offense of assault in the first degree and of criminal possession of a weapon in the second degree.

Although the defendant did not object at the second trial to the submission of the weapon possession count to the jury, it was error for the court to submit that count. CPL 300.40 (7) provides that any count of the indictment not submitted to the jury is deemed to have been dismissed by the court. Thus, when the weapon possession and criminal use of a weapon counts were not submitted to the first jury, they were deemed dismissed. CPL 310.60 (2) and 310.70 (2) detail what offenses may be submitted to a second jury after the first jury fails to

reach a verdict with respect to any of the charges submitted *(see,* CPL 310.60 [2]), or renders only a partial verdict *(see,* CPL 310.70 [2]). Here, the first jury rendered a partial verdict, and CPL 310.70 (2) provides that in such a case "a defendant may be retried for any *submitted* offense upon which the jury was unable to agree" (emphasis supplied). Since the charge of criminal possession of a weapon in the second degree was never submitted to the first jury, it was error to submit this count to the second jury *(see, People v Anderson,* 111 AD2d 124; *People v Bryant,* 121 AD2d 212). As this was a fundamental error, since the weapon possession count should not have been considered by the second jury, we reverse the defendant's conviction of this count in the interest of justice.

Further, the defendant's conviction of assault in the first degree should be reversed in the interest of justice because the conduct of the Trial Judge and the prosecutor denied him a fair trial. The key issue presented by the instant case was whether the defendant was justified in shooting the victim, a New York City Housing Authority police officer. On appeal, the People concede that the issues of the defendant's withdrawal from the encounter and communication of that withdrawal were relevant to the jury's determination of the defendant's guilt or innocence, and that one of the People's theories at the trial was to demonstrate that the defendant never withdrew from the confrontation. They also contend that the court's charge properly instructed the jury that they were to decide these issues. However, during the court's instructions to the jury on these very issues, the court expressed its opinion with respect to these issues, stating "incidentally, I would say that he [the defendant] did not withdraw from such encounter or altercation, did not effectively communicate such withdrawal from Mr. Harris [the victim] or * * * anybody else".

It is well settled that the trial court, in exercising its function, must be scrupulously free from and above even the appearance of taint or partiality, and inappropriate remarks which might throw the scales out of balance should be omitted and care taken to " 'guard against "the possibility that the stated opinion of the trial court *or even the suggestion of an opinion* might be seized upon by the jury and * * * prove decisive" ' " *(People v De Jesus,* 42 NY2d 519, 524, quoting from *People v Bell,* 38 NY2d 116, 120 [emphasis supplied]; *see also, People v Moulton,* 43 NY2d 944; *People v Hommel,* 41 NY2d 427, 429). Here, the trial court expressed its opinion on issues which the People concede were properly for the jury to

decide. Although the defendant did not object to these comments, they were clearly improper.

In addition, during the prosecutor's summation, he improperly, over objection, was permitted to comment upon the defendant's failure to call certain character witnesses since there was no showing that the testimony of these witnesses would have been anything but cumulative to the testimony of the character witnesses that testified at the trial *(see, People v De Jesus, supra; People v Rodriguez,* 38 NY2d 95). Here, since the proof of the defendant's guilt was not overwhelming, there is "no occasion for consideration of any doctrine of harmless error" *(People v Crimmins,* 36 NY2d 230, 241). Mangano, J. P., Bracken, Brown and Niehoff, JJ., concur.