■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNA SARAIREH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Dachenhausen, J.), rendered January 22, 1986, convicting her of insurance fraud in the first degree (two counts), falsifying business records in the first degree (two counts), grand larceny in the second degree, attempted grand larceny in the second degree and falsely reporting an incident in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant was convicted of numerous offenses arising out of the filing of two allegedly false insurance claims. In varying degrees, the conviction rests substantially on the testimony of an accomplice. The trial court did not instruct the jury, pursuant to CPL 60.22, that an accomplice's testimony must be corroborated.

Although the defendant did not request an accomplice corroboration charge and did not protest the court's failure to so charge, under the circumstances of this case we feel compelled to exercise our interest of justice jurisdiction and conclude that the trial court was obligated to instruct the jury, *sua sponte,* on this fundamental principle of law *(see, People v Ramos,* 68 AD2d 748, 753-754; *People v Stigger,* 130 AD2d 603; *People v Strawder,* 124 AD2d 758, 759). Accordingly, the judgment of conviction is reversed and a new trial is ordered.

The defendant's claim with regard to the court's instruction to the jury on circumstantial evidence is unpreserved for appellate review, and, in any event, is meritless.

In view of this result, we do not reach the question of the propriety of the defendant's sentence. Mollen, P. J., Brown, Rubin and Spatt, JJ., concur.