■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN COSTON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered January 16, 1986, convicting him of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was not denied a fair trial by the amendment of the indictment to change the date of the alleged criminal transaction from June 8, 1984 to June 6, 1984. The record discloses that while the defendant had no alibi or other defense for the incorrect date *(cf., People v Covington,* 86 AD2d 877), he did in fact discover an alibi witness for the amended date. He thereafter chose not to present this witness as an alibi witness when the trial court ruled, *inter alia,* that it would not restrict cross-examination to prohibit inquiry into the witness's memory of the event, which the defendant asserted had been damaged by the passage of time. The witness did take the stand on the defendant's behalf as to

another matter. Under the circumstances, it cannot be said that the defendant was prejudiced by the change in the date set forth in the indictment, which amendment actually supplied him with a defense. Nor can this court assess the alleged prejudicial damage to the alibi witness where the defendant elected not to offer the testimony of that witness. The trial court has the right to control cross-examination *(People v Schwartzman,* 24 NY2d 241, 244; *People v Cassidy,* 115 AD2d 487), and that discretion was not improvidently exercised in this case. Without inquiry into the very area the defendant sought to prohibit, i.e., the witness's memory of the incident comprising the alibi, there would be no way to assess the truthfulness or accuracy of that testimony, nor could it be determined whether the lack of memory stemmed from the passage of time, as alleged, or was the result of fabrication.

We also find that the defendant was not denied his rights to equal protection or an impartial jury by the prosecutor's exercise of the peremptory challenges.

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Kunzeman and Eiber, JJ., concur.