■ In the Matter of ROBERT H., a Person Alleged to be a Juvenile Delinquent, Respondent. In the Matter of ALLAN N., a Person Alleged to be a Juvenile Delinquent, Respondent. [599 NYS2d 621] —In two related juvenile delinquency proceedings pursuant to Family Court Act article 3, the presentment agency appeals from an order of the. Family Court, Queens County (Friedman, J.), dated March 20, 1992, which, after a hearing, granted the respondents' motion to suppress statements made by them to the police.

Ordered that the order is affirmed, without costs or disbursements.

On June 26, 1991, approximately eight police officers, responding to a radio report that a man had been shot, arrived at the corner of Cloverdale Boulevard and Birmington Parkway in Queens. The respondent Robert H., a 15-year-old boy, approached Officer Mojica and told him that a friend had been shot. Robert then took Officer Mojica and other officers into the woods across the street, where the body of 15-year-old Hami Abir was discovered. Robert told the police that he was passing a gun around with his friends and the respondent Allan N. shot Abir by accident. After finding the body, Officer Mojica and Robert walked out of the woods and Officer Mojica asked Robert what happened. Robert stated that they were in a friend's house, playing with a gun, and it went off accidentally, after which they dragged the body into the woods. Approximately two hours later, after being given *Miranda* warnings, Robert gave a statement to a detective at the 111th precinct.

Lieutenant Mishula arrived at the scene sometime after the other officers and was directed to the respondent Allan N., who was also 15 years old. Mishula asked what happened, and Allan told him that he was playing with a trigger on a gun and his friend got shot. Benjamin Rodriguez, Allan's grandfather, testified that, prior to Mishula's arrival, another officer had pushed Allan against a car. Rodriguez told the officer that his attorney was coming and he did not want Allan questioned. At that point, other officers were instructed to watch Allan.

The Family Court suppressed the statement Robert had made after he walked out of the woods, finding that the police

failed to advise him of his *Miranda* rights while he was in custody. The statement Robert made at the precinct was also suppressed due to the taint resulting from the illegality under which the prior statement had been obtained. In addition, the court suppressed Allan's statement to Lieutenant Mishula on the ground that he was in custody.

It is well settled that issues concerning whether a person is in police custody are to be resolved by the application of the objective standard of whether a reasonable person in the defendant's position, innocent of any crime, would have believed he was free to leave the presence of the police *(see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Arcese,* 148 AD2d 460; *People v Bailey,* 140 AD2d 356). With respect to the statement Robert made after he walked out of the woods, the testimony indicated that as many as eight police officers were at the scene, that Robert was not apprised of his rights or told that he could speak to his parents, and that he had just shown the police a dead body. Under the circumstances, we conclude that a reasonable 15-year-old, in the position of Robert, would not have believed he was free to leave the scene *(see, People v Alaire,* 148 AD2d 731; *Matter of Chad L.,* 131 AD2d 760). With respect to the statement at the precinct, the presentment agency failed to establish that there was "such a definite, pronounced break in the interrogation that [Robert] may be said to have returned, in effect, to the status of one who is not under the influence of questioning" *(People v Chapple,* 38 NY2d 112, 115; *People v Newson,* 68 AD2d 377, 392), and, as such, the statement was properly suppressed.

We also find that the court properly suppressed the statement given by Allan to Lieutenant Mishula since, under the circumstances, a reasonable 15-year-old would not have believed that he was free to leave the scene *(see, Matter of Chad L.,* 131 AD2d 760, *supra).* Thompson, J. P., Miller, Eiber and Santucci, JJ., concur.