■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PINDER, Appellant. [608 NYS2d 98] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered July 14, 1992, convicting him of criminal sale of a controlled substance in the third degree, after a non-jury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's legal sufficiency claim is unpreserved for appellate review because his motion for a trial order of dismissal was not specific *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858). In any event, viewing the evidence adduced at trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We find no support in the record for the defendant's claim of ineffective assistance of counsel predicated upon his allegation that his prior counsel failed to inform him of the date of representment of the case to the Grand Jury, thus ignoring his desire to testify. In support of this claim the defendant merely submitted an affirmation of his subsequent retained counsel who did not have personal knowledge as to whether the defendant's prior counsel properly consulted with the

defendant. Thus, the affirmation was insufficient to meet the defendant's burden of establishing that his rights pursuant to CPL 190.50 were violated (see, People v Fleming, 196 AD2d 551; People v Cipolla, 171 AD2d 557). Even assuming the truth of the defendant's allegations, his counsel's failure to inform him of the date of representment would not, standing alone, amount to a denial of the effective assistance of counsel (see, People v Baldi, 54 NY2d 137; cf., People v Turner, 187 AD2d 469). Thompson, J. P., Balletta, O'Brien and Santucci, JJ., concur.