■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS GODBOLT, Appellant. [619 NYS2d 73] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered April 7, 1989, convicting him of

coercion in the first degree and menacing, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to meet their burden of proving his identity as the perpetrator of the crimes for which he was convicted is without merit. The complainant's unobstructed, face-to-face viewing of the defendant in broad daylight for a period of approximately 90 seconds during the commission of the crimes enabled the complainant to positively and accurately identify the defendant at trial (see, People v Hyatt, 162 AD2d 713; People v Watson, 111 AD2d 419). Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, although there were minor inconsistencies in the complainant's testimony, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant also contends that he was deprived of a fair trial due to various questions asked and comments made by the prosecutor throughout the trial. To the limited extent that these issues were preserved for appellate review, the trial court was successful in dispelling any prejudicial impact by sustaining objections and issuing curative instructions. In any event, we conclude that there is no significant probability that the jury would have acquitted the defendant absent the claimed prejudice given the strong identification testimony provided by the complainant (see, People v Crimmins, 36 NY2d 230, 242).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Joy, Friedmann and Krausman, JJ., concur.