■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN BRATHWAITE, Appellant. [649 NYS2d 453] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered March 7, 1995, convicting him of criminal solicitation in the fourth degree and conspiracy in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In 1993, after a jury trial, the defendant was found guilty, inter alia, of murder in the second degree under Indictment No. 5068/91. The defendant moved to have the jury verdict set aside on the ground of newly-discovered evidence, submitting an affidavit in which Wanda Hill swore that she had been present at the time of the shooting and that the defendant had not been the perpetrator. Before a hearing could be held on the defendant's motion, Hill repudiated her affidavit, saying she had not been present at the scene of the crime and accusing

the defendant and his family of, among other things, threatening her and her family's safety if she refused to testify on the defendant's behalf. This prosecution ensued. The defendant was tried jointly with his uncle and convicted of criminal solicitation in the fourth degree and conspiracy in the fifth degree.

Hill testified at trial that when she told some members of the defendant's family that she was having doubts about testifying, the defendant's sisters punched, kicked, and hit her, causing her to sustain black eyes and a permanent scar on her face. On redirect examination, in an attempt to refute the defense theory that the account of the fight was a recent fabrication, the prosecutor attempted to introduce a transcript of an interview of Hill conducted by an Assistant District Attorney. The defense objected, and the court sustained the objection. The prosecutor then remarked, in front of the jury, "I don't know what they are afraid of".

Although no objection was lodged immediately, the court recognized the impropriety of the remark and sternly reprimanded the prosecutor in front of the jury. Counsel for the codefendant later read portions of the transcript aloud while cross-examining Hill. At the conclusion of the evidence, the defense counsel joined in the codefendant's motion for a mistrial based upon the prosecutor's remark. The court denied the motion. We affirm.

In light of the court's immediate and stern reprimand to the prosecutor, the codefendant's own use of the very document that he was alleged to have been afraid of, and the clear and uncontradicted evidence of guilt in this case, we conclude that the defendant was not prejudiced by the prosecutor's remark (see, People v Crimmins, 36 NY2d 230, 241-242; People v Godbolt, 209 AD2d 540, 541).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Pizzuto, Goldstein and Luciano, JJ., concur.