■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ROGERS, Appellant. [669 NYS2d 862] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered May 3, 1995, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's general motion for a trial order of dismissal was not specific enough to preserve for appellate review his present challenges to the legal sufficiency of the evidence (*see, People v Bynum*, 70 NY2d 858, 859; *People v Cannon*, 224 AD2d 439; *People v Pinder*, 199 AD2d 544). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari*, 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo*, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the surreptitiously-recorded statements he made to a police agent. The hearing court correctly found that the defendant had not invoked his right to counsel while he was being questioned by the police more than a year before the statements were made, and that the subject statements were not taken in violation of his right to counsel. The hearing court's finding should be accorded great deference on appeal as it had the opportunity to see and hear the witnesses (*see, People v Prochilo*, 41 NY2d 759, 761; *People v Yukl*, 25 NY2d 585, 588). Accordingly, as the

record supports the hearing court's determination, we agree that there was no basis for suppressing the statements.

The trial court's decision denying the defendant's application pursuant to CPL 270.50 to have the jury view certain locations at issue in the trial was not an improvident exercise of discretion (*see, e.g., People v Young*, 225 AD2d 1066, 1067; *People v Basora*, 151 AD2d 588, *affd on other grounds* 75 NY2d 992; *People v Robinson*, 133 AD2d 473, 473-474; *People v Hamilton*, 112 AD2d 951).

The sentence was not excessive (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review (*see*, CPL 470.05 [2]; *People v Allen*, 86 NY2d 101, 111; *People v Gray*, 86 NY2d 10, 18), or without merit. Santucci, J. P., Joy, Friedmann and McGinity, JJ., concur.