■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT ELLERBE, Appellant. [697 NYS2d 643] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered December 17, 1996, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

In an attempt to rob a subway token booth, the defendant and two other individuals set it on fire, killing the token clerk

inside (*see, People v Irons,* 265 AD2d 574 [decided herewith]; *People v Malik,* 265 AD2d 577 [decided herewith]). The defendant's contention that statements which he gave to the police should have been suppressed as the fruit of an unlawful arrest is unpreserved for appellate review because he did not raise this issue before the hearing court (*see,* CPL 470.05 [2]). In any event, the defendant's contention is without merit. It is well settled that whether a defendant is in police custody and therefore not free to leave is not determined by the individual defendant's subjective beliefs. Rather, the test is whether a reasonable person, innocent of any crime, would have believed he was free to leave the presence of the police (*see, People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851; *Matter of Robert H.,* 194 AD2d 790; *People v Blake,* 177 AD2d 636). Further, in reviewing the hearing court's findings that there was no custodial interrogation and that the proffered statements were voluntarily made, the hearing court must be afforded great deference, because it had the opportunity to see and hear the witnesses (*see, People v Prochilo,* 41 NY2d 759, 761; *People v Washington,* 182 AD2d 791; *People v Oates,* 104 AD2d 907, 910; *People v Garafolo,* 44 AD2d 86, 88). Issues of credibility are primarily to be determined by the hearing court and, in the event the proof permits the drawing of conflicting inferences, the choice is for the hearing court and should be upheld unless unsupported by the evidence (*see, People v Oates, supra*).

The defendant agreed to accompany the police to the precinct, was not told that he must stay at the precinct, and was not handcuffed. Under these circumstances, a reasonable person, innocent of any crime, would have believed he was free to leave the precinct (*see, People v Vogler,* 201 AD2d 890; *People v Finkle,* 192 AD2d 783; *People v Oates, supra*). Accordingly, the defendant was not in custody at the time he made his initial statements to the police. Therefore, the hearing court properly denied that branch of his omnibus motion which was to suppress his statements. Ritter, J. P., Thompson, Feuerstein and Smith, JJ., concur.