■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES IRONS, Appellant. [697 NYS2d 642] —Appeal by the defen-

dant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered November 18, 1996, convicting him of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

In an attempt to rob a subway token booth, the defendant and two other individuals set it on fire, killing the token clerk inside. The defendant's contention that statements he made to the police should have been suppressed is without merit. Under the circumstances of this case, a reasonable person, innocent of any crime, would have believed he was free to leave the presence of the police (*see, People v Yukl,* 25 NY2d 585, 589; *Matter of Robert H.,* 194 AD2d 790; *People v Blake,* 177 AD2d 636). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his statements.

The denial by the Supreme Court of the defendant's application pursuant to CPL 270.50 to have the jury view certain locations at issue in the trial was not an improvident exercise of discretion (*see, People v Rogers,* 248 AD2d 565; *People v Zocchi,* 133 AD2d 478; *People v Cassidy,* 115 AD2d 487).

We also find that the admission into evidence of three photographs of the victim's burnt body did not constitute error. The photographs were relevant to prove several material issues and were not admitted for the sole purpose of arousing the emotions of the jury or prejudicing the defendant (*see, People v Wood,* 79 NY2d 958). The photographs were not rendered inadmissible merely because they corroborated other evidence produced at trial (*see, People v Stevens,* 76 NY2d 833). Ritter, J. P., Thompson, Feuerstein and Smith, JJ., concur.