THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN SILVA, Appellant. [709 NYS2d 612] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered January 28, 1999, convicting him of assault in the second degree, criminal contempt in the first degree (two counts), menacing in the third degree, and harassment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of assault in the second degree to assault in the third degree; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly denied his challenge for cause of a prospective juror. Unlike *People v Johnson* (94 NY2d 600), the record in this case does not support a finding that the prospective juror possessed a "state of mind that [was] likely to preclude [her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]), or that there was a "substantial risk" that she would be unable to remain impartial (*see, People v Harris,* 247 AD2d 630, 631; *People v Williams,* 63 NY2d 882). In any event, we find that the prospective juror made a sufficient unequivocal statement that she could remain impartial (*see, People v Williams,* 233 AD2d 348).

However, in light of the decision of the Court of Appeals in *People v Owusu* (93 NY2d 398 [teeth are not a "dangerous instrument" under the Penal Law]), the People correctly concede that the conviction for assault in the second degree must be reduced to assault in the third degree (*see,* Penal Law § 120.00).

"There is no need to remit the matter for resentencing since the defendant has already served the maximum time to which he could have been sentenced on his conviction of the reduced offense" (*People v McBride,* 248 AD2d 641, 642).

We find no merit to the People's contentions concerning the defendant's sentencing. Goldstein, J. P., Florio, Feuerstein and Schmidt, JJ., concur.