■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURO CABALLERO, Appellant. [824 NYS2d 427]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered January 31, 2005, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the jury's verdict was against the weight of the evidence. We disagree. "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses" (*People v Godbolt*, 209 AD2d 540, 541 [1994]; *see People v Gaimari*, 176 NY 84, 94 [1903]). "Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record" (*People v Godbolt, supra* at 541; *see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that the gun allegedly possessed by him was improperly admitted into evidence is without merit. Reasonable assurances existed that the gun sought to be admitted was the same weapon as was used in the crime and that it was unchanged. Therefore, any deficiencies in the chain of custody went only to the weight to be given to the evidence, not its admissibility (*see People v Williams*, 5 AD3d 705, 706 [2004]; *People v Donovan*, 141 AD2d 835, 836-837 [1988]; *People v Padron*, 118 AD2d 599 [1986]; *People v Capers*, 105 AD2d 842 [1984]).

The defendant requested permission to put on the nylon pants which he was wearing at the time of his arrest and have a bailiff place the gun into the waistband, in order to demonstrate to the jury that the gun could not rest in the waistband as the People alleged. The Supreme Court properly exercised its discretion in denying the defendant's application.

Demonstrations and tests, when relevant to a contested issue, can "play a positive and helpful role in the ascertainment of the truth" (*People v Acevedo*, 40 NY2d 701, 704 [1976]). "However,

though tests and demonstrations in the courtroom are not lightly to be rejected when they would play a positive and helpful role in the ascertainment of truth, courts must be alert to the danger that, when ill-designed or not properly relevant to the point at issue, instead of being helpful they may serve but to mislead, confuse, divert or otherwise prejudice the purposes of the trial" (*People v Acevedo, supra* at 704). Therefore, "the trial court itself must decide in the exercise of a sound discretion based on the nature of the proffered proof and the context in which it is offered, whether the value of the evidence outweighs its potential for prejudice" (*id.*)

Here, it was within the Supreme Court's broad discretion to conclude that the value of the demonstration did not outweigh its potential for prejudice as the conditions surrounding the demonstration in the courtroom were not substantially similar to those on the day of the defendant's arrest (*see Uss v Town of Oyster Bay*, 37 NY2d 639, 641 [1975]; *People v Vega*, 240 AD2d 347 [1997]; *see also People v Isaac*, 214 AD2d 749 [1995]). Florio, J.P., Miller, Goldstein and Lunn, JJ., concur.