■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT DUNAWAY, Appellant. [22 NYS3d 476]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered February 7, 2011, convicting him of robbery in the first degree, kidnapping in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of assault in the second degree to assault in the third degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the defendant's conviction of robbery in the first degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant requested permission to present three demonstrations to the jury in order to challenge the reliability of his identification by the complainant, who had known the defendant for more than 15 years. First, the defendant requested that the jury be brought outside of the courthouse to view the complainant inside of his sport utility vehicle to explain how the complainant had been positioned while being kidnapped. The defendant also requested that he be allowed to open and close his hands in the courtroom, to discredit testimony that his hands were recognizable because some of his fingers became stiff and locked during cold weather. Additionally, the defendant requested permission to stand up in the courtroom so that the jury could view his height and frame. Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying these requests.

Demonstrations and tests, when relevant to a contested issue, can "play a positive and helpful role in the ascertainment of truth" (*People v Acevedo*, 40 NY2d 701, 704 [1976]; *see People v Caballero*, 34 AD3d 690, 691-692 [2006]). Although demonstrations should not lightly be rejected when they would play such a role, courts must be alert to the danger that, when ill-designed or not properly relevant to the point at issue, instead of being helpful, they may serve to mislead, confuse, divert, or otherwise prejudice the purposes of the trial (*see People v Acevedo*, 40 NY2d at 704). Accordingly, the trial court "must decide in the exercise of a sound discretion based on the nature of the proffered proof and the context in which it is offered, whether the value of the evidence outweighs its potential for prejudice" (*id.*; *see People v Caballero*, 34 AD3d at 691-692).

Here, the Supreme Court providently exercised its discretion in concluding that the value of the requested demonstrations did not outweigh their potential for prejudice or misleading the jury. The probative value of each demonstration was limited in light of the extensive testimony regarding the complainant's ability to observe the defendant during the crimes, as well as photographs of the complainant inside his sport utility vehicle. Moreover, the conditions surrounding the proposed demonstrations were not substantially similar to the conditions present when the crimes were committed (*see People v Acevedo*, 40 NY2d at 704; *People v Mercereau*, 84 AD3d 1270, 1271 [2011]; *People v Caballero*, 34 AD3d at 692; *People v Robinson*, 133 AD2d 473, 473-474 [1987]; *People v Hamilton*, 112 AD2d 951 [1985]). Under the circumstances of this case, the Supreme Court properly concluded that the defendant failed to establish that the proposed demonstrations would be helpful to determine a "material factual issue" (CPL 270.50 [1]; *see People v Robinson*, 133 AD2d at 473-474; *People v Cassidy*, 115 AD2d 487 [1985]; *People v Hamilton*, 112 AD2d at 951).

The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]; *People v Credle*, 124 AD3d 792, 793 [2015]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Accordingly, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d

805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109). Although the defendant made a postconviction motion to vacate the judgment pursuant to CPL 440.10, the issues raised in that motion are not properly before us, as he was denied leave to appeal from the denial of that motion (*see People v Coleman*, 125 AD3d 879, 881 [2015]; *People v DeLuca*, 45 AD3d 777 [2007]).

The People correctly concede that the defendant's conviction of assault in the second degree should be reduced to assault in the third degree. On the record before us, the People failed to prove beyond a reasonable doubt that the complainant suffered a physical injury that was caused by a dangerous instrument (*see* Penal Law § 120.00; *People v Silva*, 273 AD2d 417 [2000]; *People v Nealy*, 254 AD2d 505, 506 [1998]; *cf. People v Nimmons*, 95 AD3d 1360, 1360-1361 [2012]). However, the evidence was legally sufficient to support a finding that the complainant suffered a "physical injury" (Penal Law § 10.00 [9]) as a result of numerous punches and kicks. Accordingly, we reduce the conviction of assault in the second degree to assault in the third degree, and vacate the sentence imposed thereon (*see* CPL 470.15 [2] [a]; Penal Law § 120.00; *People v Silva*, 273 AD2d 417 [2000]). Although the defendant has already served the maximum sentence that could be imposed for assault in the third degree (*see* Penal Law § 70.15 [1]), we nevertheless remit the matter to the Supreme Court, Kings County, for the imposition of an authorized sentence for that offense (*see People v Sutherland*, 102 AD3d 897, 899 [2013]; *People v Seymour*, 77 AD3d 976, 980 [2010]; *People v Harvin*, 75 AD3d 559, 561 [2010]). In light of this determination, we need not reach the defendant's contention that the sentence imposed on his conviction of assault in the second degree was excessive, or the contention raised in his pro se supplemental brief that the evidence presented to the grand jury regarding assault in the second degree was legally insufficient. Further, under the circumstances of this case, there is no merit to the defendant's contention that, upon reducing his conviction of assault in the second degree, the matter should be remitted for resentencing on his convictions of robbery in the first degree and kidnapping in the second degree (*cf. People v Anderson*, 111 AD2d 124, 125 [1985]).

The defendant failed to preserve for appellate review his contention that the sentences imposed on his convictions of robbery in the first degree and kidnapping in the second degree improperly penalized him for exercising his right to a jury trial, "because he did not set forth the issue on the record at the time of sentencing" (*People v Romero*, 101 AD3d 906, 907

[2012]; *see People v Garcia*, 66 AD3d 699, 701 [2009]). In any event, the contention is without merit. The fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is not, standing alone, an indication that he was punished for asserting his right to proceed to trial (*see People v Martinez*, 26 NY3d 196 [2015]; *People v Pena*, 50 NY2d 400, 412 [1980]; *People v Romero*, 101 AD3d at 907; *People v Griffin*, 98 AD3d 688, 690 [2012]; *People v Bradley*, 73 AD3d 1198, 1199 [2010]). Further, a review of the record reveals no retaliation or vindictiveness against the defendant for electing to proceed to trial (*see People v Griffin*, 98 AD3d at 690). Moreover, the sentences imposed on the defendant's convictions of robbery in the first degree and kidnapping in the second degree were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contention, raised in his pro se supplemental brief, that the evidence presented to the grand jury regarding robbery in the first degree and kidnapping in the second degree was legally insufficient is not reviewable on this appeal, since the defendant's guilt of those crimes was proven beyond a reasonable doubt (*see* CPL 210.30 [6]; *People v Flowers*, 95 AD3d 1233, 1234 [2012]; *People v Oliver*, 87 AD3d 1035 [2011]).

The defendant's contention, raised in his pro se supplemental brief, that he was deprived of his right to compulsory process and confrontation is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit.

The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit. Rivera, J.P., Dickerson, Miller and Maltese, JJ., concur.