■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO BASORA, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Marasco, J.), rendered June 17, 1986, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, *inter alia,* that the jury verdict which convicted him of criminal sale of a controlled substance in the first degree (Penal Law § 220.43) and acquitted him of criminal possession of a controlled substance in the third degree with the intent to sell (Penal Law § 220.16) is repugnant. We disagree. The defendant was not charged with making the sale directly, but pursuant to Penal Law § 20.00, with aiding another in doing so. At trial, it was established that the defendant obtained a package containing drugs and thereafter transferred the drugs to another who, in turn, effectuated the sale.

Reviewing the jury charge to ascertain the essential elements of each crime as charged *(see, People v Tucker,* 55 NY2d 1), we find no repugnancy in the verdict. Taken as a whole, the charge clearly set forth the elements of both criminal

possession and criminal sale and established that possession of the drugs was not a necessary element for conviction of the sale count (see, *People v Brooks,* 115 AD2d 177, *lv denied* 67 NY2d 759; *People v Gupta,* 86 AD2d 960). As the case was submitted to it, the jury could have properly found the defendant criminally liable for the conduct of another under Penal Law § 20.00, without finding that he had criminal possession of the drugs.

The defendant further contends that the trial court erred in refusing to allow into evidence a videotape of the crime scene, prepared by the defense attorney, or in the alternative, allowing the jury to visit the crime scene. It is firmly established that demonstrations in the courtroom, when ill-designed or not properly relevant to the point at issue, may serve to mislead, confuse, divert, or otherwise prejudice the purpose of the trial (see, *People v Acevedo,* 40 NY2d 701). The admission of such evidence rests largely within the discretion of the trial court (*Wesler v Kassl,* 109 AD2d 740). In the case at bar, in light of the fact that there was extraneous matter contained on the tape, no error was committed in refusing to admit it. Moreover, the defendant did not demonstrate that a viewing of the crime scene would be helpful in the determination of any material factual issue (see, *People v Cassidy,* 115 AD2d 487, *lv denied* 67 NY2d 649), and accordingly the refusal to permit the jury to visit the scene was proper (see, *People v Hamilton,* 112 AD2d 951).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review (CPL 470.05 [2]) or harmless in light of the overwhelming proof of the defendant's guilt (see, *People v Crimmins,* 36 NY2d 230, 237). Mangano, J. P., Thompson, Sullivan and Balletta, JJ., concur.