*993 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant has been convicted after a jury trial of criminal sale of a controlled substance in the first degree. The charges arose out of a transaction occurring in the parking lot of a motor inn in Tuckahoe, New York, where defendant’s alleged agent, in the company of a police informer, sold drugs to undercover police officers while defendant looked on from a distance. Defendant and his agent were arrested in the parking lot when the sale was completed.
It was the People’s theory that defendant, a major drug dealer, had masterminded the sale but had carefully insulated himself from it to avoid incrimination. To support this theory at trial, a police investigator, called by the People during their case-in-chief, testified that after he approached defendant and informed him he was under arrest, "[defendant] looked at me, kind of smiled” and then cooperated with the police as they handcuffed him and placed him under arrest. During summation the prosecutor commented on this and upon defendant’s smiling in the courtroom during the trial. He invited the jury to infer from these acts that, although guilty, defendant believed he had sufficiently removed himself from the sale to avoid a finding of criminal liability.
Defendant had the constitutional right to remain silent at the time of his arrest (NY Const, art I, § 6; US Const 5th Amend) and his exercise of that right at or after his arrest cannot be used by the People as part of their direct case (People v Conyers, 49 NY2d 174, 177; People v Rothschild, 35 NY2d 355, 359; People v Rutigliano, 261 NY 103, 106-107; see generally, People v Lourido, 70 NY2d 428, 434). We have also held, under our State rules of evidence, that silence in the face of police interrogation shortly after evidence of a crime is uncovered is usually ambiguous and its probative value minimal (People v De George, 73 NY2d 614, 618; People v Conyers, 52 NY2d 454, 458; see also, People v Conyers, 49 NY2d 174, 181, supra; United States v Hale, 422 US 171,176-177).
In this case, the trial court erroneously allowed the People, as part of their direct case, to thwart defendant’s Fifth Amendment right by attributing communicative value to his act of smiling (see, People v Conyers, 49 NY2d 174, 177, supra). The People argue that the evidence of defendant’s reaction to the police was not offered as a communication but as an *994 affirmative act by defendant producing circumstantial evidénce of consciousness of guilt, similar to flight from custody (see, People v Yazum, 13 NY2d 302, 304-305; Richardson, Evidence § 167 [Prince 10th ed]). A smile, however, can convey many different states of mind — for example, relief, bewilderment, nervousness, exasperation or happiness (see, People v De George, 73 NY2d 614, 618-619, supra). Admission of such testimony as evidence of a consciousness of guilt was erroneous because the evidence was ambiguous and its probative value minimal. That is all the more so here because no statement was made to defendant that might evoke a response of any kind (see, People v De George, 73 NY2d 614, 620, supra; People v Allen, 300 NY 222, 225; People v Egan, 78 AD2d 34, 36).
Defendant also contends that it was error for the prosecutor to comment on his deportment in the courtroom, particularly his smiling at times during the trial (see, United States v Schuler, 813 F2d 978, 979-982; United States v Wright, 489 F2d 1181, 1186). After defense counsel objected to these comments, the Judge stated that he would cure any alleged error in his charge. He failed to do so, however, and defendant neither renewed the objection nor requested further instructions. In the absence of an objection to the charge or a request for further clarification at a time when the error complained of could readily have been corrected, no question of law reviewable by this court has been preserved (People v Robinson, 36 NY2d 224, 228; see also, People v Burke, 72 NY2d 833; CPL 470.05 [2]).
Given the strong proof of defendant’s guilt, the preserved evidentiary error standing alone was harmless beyond a reasonable doubt (see, People v Crimmins, 36 NY2d 230, 237; Chapman v California, 386 US 18, 24). An undercover informant provided detailed testimony of defendant’s involvement in the drug transaction, and this testimony was corroborated by police witnesses.
Defendant’s remaining contentions are either without merit or unpreserved for our review.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.