Julio BASORA, Petitioner,

v.

Robert MITCHELL, Respondent.

No. 92 Civ. 1503 (VLB).

United States District Court,
S.D. New York.

Oct. 14, 1992.

Domenick J. Porco, Scarsdale, N.Y., for petitioner.

John A. Verni, Dist. Attorney's Office, Westchester County, White Plains, N.Y., for respondent.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This is a petition for *habeas corpus* by a state prisoner seeking relief from a conviction for criminal possession and sale of a controlled substance, 14 ounces of cocaine. According to the prosecution's proof, a co-operating defendant arranged the transaction involving petitioner, who appeared with what turned out to be the narcotics. The drugs were then driven to a parking lot in Yonkers where one of petitioner's agents who participated in the meeting with petitioner sold the cocaine to undercover officers. Petitioner was arrested at the parking lot. Upon being told the charges, petitioner "kind of smiled" and cooperated in the arrest.

The issues raised by the petition were presented to the state courts on direct appeal and rejected by the State Court of Appeals in a memorandum opinion, *People v. Basora*, 75 N.Y.2d 992, 557 N.Y.S.2d 263, 556 N.E.2d 1070 (1990), *aff'g People v.*

*Basora*, 151 A.D.2d 588, 542 N.Y.S.2d 691 (2d Dep't 1989).

While petitioner challenges evidentiary and other rulings of the trial court, there is no contention that the evidence offered by the prosecution failed to establish guilt if believed by the jury. I agree with both state appellate courts that petitioner's claims do not justify overturning his conviction after trial, and I deny the petition.

## II

■ Petitioner's first argument is that references in the prosecutor's summation to his having smiled when arrested and during the trial violated the Fifth Amendment privilege against self-incrimination. The New York Court of Appeals treated the references as improper, but held that since the defense made no objection or further request when the trial court failed to follow through on a statement that a curative instruction would be given, the point had not been preserved. 75 N.Y.2d at 994, 557 N.Y.S.2d 263, 556 N.E.2d 1070.

Such a waiver, or even procedural default at trial, is not remediable by federal habeas, especially where the alleged error did not involve direct or powerful evidence of guilt likely to affect the outcome. Absent otherwise adequate evidence of guilt, a jury would to a very high degree of certainty disregard a smile for the very reasons given by the state court in holding the reference in effect irrelevant:

> "A smile ... can convey many different states of mind ... the evidence was ambiguous and its probative value minimal ... all the more so here because no statement was made to defendant that might evoke a response ..." Id.

The fact of the smile at the time of arrest, and the references to that smile in the prosecutor's summation, were harmless beyond a reasonable doubt absent aggravating factors not shown here.[1]

Entirely apart from the valid grounds on which the state Court of Appeals rejected petitioner's contention that reference to the asserted smiles vitiated his conviction, I note that neither the state court nor the petitioner has cited any federal decisions holding that such non-assertive, non-testimonial behavior is protected by the Fifth Amendment privilege, and a federal violation is, of course, necessary to federal *habeas corpus* relief.

The Fifth Amendment privilege protects one from being "compelled" to be a witness against one's self in a criminal case. With respect to the smile at the time of arrest, it is hard to discern how petitioner could have been "compelled" to make that communication; it occurred without any request on the part of the authorities and before any interrogation was undertaken. Similarly, any facial expressions one chooses to exhibit at trial are voluntary; they are exhibited, moreover, in the presence of counsel, from whom the defendant has the opportunity to obtain advice. Jurors are apt to notice the demeanor of nontestifying as well as testifying parties present in the courtroom whether the matter is mentioned in summation or not.

Moreover, the evils at which the Fifth Amendment privilege is aimed do not appear to be involved here. There is no involuntarily imposed "trilemma" involving a choice between risking contempt, perjury or conviction by one's own testimonial assertions, see *Murphy v. Waterfront Commission*, 378 U.S. 52, 55–57, 84 S.Ct. 1594, 1596–98, 12 L.Ed.2d 678 (1964). Nor is there any question of "crime ... to be ferreted out by searching the conscience of the accused," O.W. Holmes, *Law in Science—Science in Law*, in O.W. Holmes, *Collected Legal Papers* 213 (1921).

Any inference which could be drawn from smiles, at the time of arrest or in court, does not present a Fifth Amendment or due process violation justifying federal

---

**1.** If the defendant smiled at defense table during the course of the trial, reference to that fact by the prosecutor in summation was, as the New York Court of Appeals said, improper; defendant's facial expression, while visible to the jury, was not evidence before it. But the New York Court of Appeals assessment was proper: "a smile ... can convey many different states of mind...."

intervention to vacate petitioner's conviction.

## III

■ Petitioner further argues that the state court jury verdicts were inconsistent. This state law issue presents no federal question. See *Harris v. Rivera*, 454 U.S. 339, 345–46, 102 S.Ct. 460, 464, 70 L.Ed.2d 530 (1981).

## IV

Petitioner questions the trial court's instructions concerning aiding and abetting, erroneously asserting that the jury indicated failure to understand the charge, when in fact it merely requested repetition of this point (Tr. 631). Petitioner concedes that the court required knowing misconduct, mental culpability and intentional aid in illegal conduct (Petitioner's brief at 16) but claims that these explicit instructions should have been even more explicit, by asserting that they were "brief, unexplained and buried in a morass of jurisprudence" (id.). No error of any kind, and *a fortiori* no violation of any federal right, is established.

## V

■ Petitioner complains that the prosecutor, without evidentiary support, improperly argued that petitioner could be found to be a "higher up" dealer. The inferences which could be drawn from the evidence were that petitioner (a) supplied the actual drugs, and (b) thereafter monitored the transaction from a distance rather than being physically present at the buy. What inferences to draw was up to the jury, but no federal violation was committed when the prosecutor made such an argument.

## VI

■ Petitioner seeks vacatur of his conviction because the trial judge refused to allow the jury to view a videotape of the parking lot where the buy occurred, or to visit the site.

The trial judge was in the best position to judge the appropriateness of admitting subsequently-produced demonstrative evidence or having a jury visit a site such as a parking lot which constantly changes its appearance on differing days. It would strain realism for a federal court exercising its *habeas* jurisdiction to second-guess the judgment of a state trial judge as to whether a subsequent video or in-person view of a parking lot could establish that it was impossible for people at imprecisely defined and not contemporaneously photographed locations in the lot (as described orally from memory) to have gestured to each other.

Petitioner has cited no federal decision holding that rejection by a state trial judge of post-event evidence of circumstances at a changing site presents a federal constitutional question. Without discretion in such instances where the probative effect of an exhibit or visit is speculative, the trial judge's function as governor of the trial would be vitiated. The state appeals court properly held the discretion reasonably exercised here. See *People v. Basora*, 151 A.D.2d 588, 542 N.Y.S.2d 691 (2d Dept. 1989).

SO ORDERED.