■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT SANDERS, Appellant. [608 NYS2d 917] —Judgment unanimously affirmed. Memorandum: Following an argument outside a Syracuse bar, defendant, a "bouncer" at the bar, shot and killed a 22-year-old man and attempted to kill the man's nephew by repeatedly shooting at him. He was convicted, following a jury trial, of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree. Defendant contends that County Court erred in denying his challenge for cause of a prospective juror who was the aunt of a prospective prosecu-

tion witness. We agree. The court's erroneous ruling, however, does not constitute reversible error because the record establishes that defendant had not exhausted his peremptory challenges at the time the jury was seated *(see,* CPL 270.20 [2]; *People v Pitsley,* 185 AD2d 645, *lv denied* 81 NY2d 792).

We reject the argument of defendant that his conviction must be reversed because his right to be present at all material stages of the trial was violated when the trial court conducted a *Sandoval* hearing *(see, People v Sandoval,* 34 NY2d 371) in his absence. The record reveals that, prior to jury selection, the court conducted a *Sandoval* hearing on the record, rendered its decisions in the *Huntley* and *Wade* hearings, advised the attorneys of the rules applicable to jury selection and then, after the jury panel entered the courtroom, introduced them to all parties, including defendant. Thus, the record establishes defendant's presence throughout the uninterrupted proceedings.

Defendant contends that the prosecutor violated his constitutional right to remain silent at the time of his arrest (NY Const, art I, § 6; US Const 5th Amend) by improperly eliciting testimony that defendant told a police officer, who was questioning him about the shooting, that he would have to consult with an attorney. Such conduct by the prosecutor as part of his direct case thwarted defendant's Fifth Amendment right to remain silent *(see, People v Basora,* 75 NY2d 992, 993; *People v Rothschild,* 35 NY2d 355, 359; *People v Rutigliano,* 261 NY 103, 106-107). As defendant concedes, however, defense counsel did not object to that testimony at trial. Therefore, the error has not been preserved for review *(see,* CPL 470.05 [2]; *People v Basora, supra,* at 994). In view of the overwhelming evidence of guilt, we conclude that any error was harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230, 237).

The court's charge on reasonable doubt, taken as a whole, was correct and conveyed the proper standard to the jury *(see, People v Hill,* 190 AD2d 990, *lv denied* 81 NY2d 1014). The court did not err in refusing defendant's request to charge extreme emotional disturbance under Penal Law § 125.25 (1) (a), because there is no evidence in the record to support such a charge *(see, People v Walker,* 64 NY2d 741).

We conclude that the remaining issues raised are without merit. The court did not abuse its discretion in denying defendant's motion for a mistrial *(see, People v Rice,* 75 NY2d 929, 933; *People v Kelly,* 62 NY2d 516). Moreover, the court's

curative instructions sufficiently eliminated any prejudice that defendant may have suffered *(see, People v Arce,* 42 NY2d 179, 187). Defendant's right to due process was not violated when the court questioned each sworn juror for possible disqualification without defendant present because that in camera questioning does not constitute a material stage of the trial *(see, People v Mullen,* 44 NY2d 1, 5-6; *People v Johnson,* 189 AD2d 318, 319). Finally, defendant was not deprived of a fair trial by cumulative error. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Murder, 2nd Degree.) Present—Denman, P. J., Callahan, Pine, Doerr and Boehm, JJ.