■ The People of the State of New York, Respondent, v Kim Baily, Appellant. [627 NYS2d 381] —Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered on May 10, 1993, convicting defendant, after jury trial, of grand larceny in the third degree, and sentencing her to a term of $2^1/3$ to 7 years, unanimously affirmed.

New York City detectives were justified in taking defendant to the precinct to investigate whether a possible "con" was be-

ing committed against an elderly woman since they reasonably suspected that defendant was committing a crime (*see*, *People v De Bour*, 40 NY2d 210, 223). However, the police turned a proper investigative detention into a full-blown arrest by placing defendant in a hold cell for approximately one hour before formally arresting her for the crime charged (*cf.*, *People v Hicks*, 68 NY2d 234, 241-242). Nevertheless, since the detective learned solely from the victim that defendant devised a "con" scheme, the officers had independent probable cause to arrest defendant, and although the original arrest was improper, the search of defendant's bag was allowable based upon an independent source (*see*, *People v Arnau*, 58 NY2d 27, 32-33, *cert denied* 468 US 1217).

Last, defendant's claim that the prosecutor violated her Fifth Amendment right to remain silent by attributing communicative value to her act of smiling is unpreserved for appellate review, and in any event the error was harmless beyond a reasonable doubt (*People v Basora*, 75 NY2d 992). Concur—Murphy, P. J., Rubin, Kupferman, Asch and Nardelli, JJ.