■ The People of the State of New York, Respondent, v Veronica Hicks, Appellant. [924 NYS2d 551]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic J.), rendered March 4, 2009, convicting her of assault in the first degree and aggravated criminal contempt, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court's ruling pursuant to *People v Sandoval* (34 NY2d 371 [1974]) was a provident exercise of discretion. The court struck an acceptable balance between the People's need to utilize probative evidence and the rights of the defendant (*see People v Di Bella*, 277 AD2d 699, 701-702 [2000]). The defendant failed to meet her burden of demonstrating that the prejudicial effect of admission of the facts underlying her prior assault conviction so outweighed the probative value of that evidence as to her credibility that preclusion was warranted (*see People v Sandoval*, 34 NY2d at 378; *see also People v Mackey*, 49 NY2d 274, 282 [1980]; *People v Myron*, 28 AD3d 681, 683 [2006], *cert denied* 549 US 1326 [2007]). The mere fact that a previous crime is similar in nature to a crime presently charged does not warrant preclusion (*see People v Myron*, 28 AD3d at 683).

The Supreme Court providently exercised its discretion in denying the defendant's motion for a mistrial after a witness made brief references to the defendant having stabbed the victim on a previous occasion. " 'The decision to declare a mistrial rests within the sound discretion of the trial court, which is in the best position to determine if this drastic remedy is necessary to protect the defendant's right to a fair trial' " (*People v Redmon*, 81 AD3d 752, 752 [2011], quoting *People v Brown*, 76 AD3d 532, 533 [2010]; *see People v Ortiz*, 54 NY2d 288, 292 [1981]). The Supreme Court struck the improper testimony

from the record and directed the jury to disregard it, thereby ameliorating any prejudice to the defendant resulting from the testimony (*see People v Brescia*, 41 AD3d 613, 613-614 [2007]; *People v Brown*, 290 AD2d 251 [2002]).

Contrary to the defendant's contention, her arrest photographs were properly admitted into evidence, as they were relevant under the circumstances and did not prejudice her (*see People v Logan*, 25 NY2d 184, 195-196 [1969], *cert denied* 396 US 1020 [1970]; *People v Di Bella*, 277 AD2d at 702). The defendant's claim that the prosecutor violated her Fifth Amendment right to remain silent by attributing communicative value to her act of smiling in one of the arrest photographs is unpreserved for appellate review. In any event, evidence of the defendant's guilt, without reference to the alleged error, was overwhelming, and there is no reasonable possibility that the alleged error might have contributed to the defendant's conviction. Thus, any error was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Baily*, 216 AD2d 1 [1995]; *see generally People v Basora*, 75 NY2d 992, 993-994 [1990]). Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.