■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELLER VALENCIA-NORALEZ, Appellant. [6 NYS3d 668]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered October 28, 2011, convicting him of sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant contends that the admission into evidence of a photograph taken after his arrest was improper. However, the defendant has failed to preserve this contention for appellate review, as no objection was made to the admission of the photograph (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19-21 [1995]; *People v Fray*, 258 AD2d 529, 529-530 [1999]). In any event, the photograph was properly admitted into evidence, as it was relevant under the circumstances and did not prejudice the defendant (*see People v Logan*, 25 NY2d 184, 195-196 [1969]; *People v Hicks*, 84 AD3d 1402, 1403 [2011]).

The defendant also failed to preserve for appellate review his contention that the County Court improperly permitted a sexual assault nurse examiner to testify that her observations of the complainant's injuries were consistent with injuries that could be caused by fingernails similar to those of the defendant (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d at 19-21). In any event, the testimony did not, as the defendant urges, improp-

erly bolster the complainant's credibility or impinge upon the jury's right to determine his guilt (see *People v Ocampo*, 52 AD3d 741, 742 [2008]; *People v Rogers*, 8 AD3d 888, 892 [2004]; *People v Harris*, 249 AD2d 775 [1998]).

The sentence imposed was not excessive (see *People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Austin, Cohen and Barros, JJ., concur.